**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

SANTONIO FLOYD, JR.,

    Plaintiff,

v.                                                                     Case No. 3:18-cv-735-J-39JRK

BRAND-SAFWAY, LLC,

    Defendant.
_____/

# O R D E R

This cause is before the Court on the Motion of Defendant Brand-Safway, LLC for Expenses and to Compel Deposition of Plaintiff Pro Se and Memorandum in Support (Doc. No. 27; "Motion to Compel Deposition"), filed September 5, 2019; Defendant Brand-Safway, LLC's Motion to Compel Complete Discovery Responses and Incorporated Memorandum of Law (Doc. No. 29; "Motion to Compel Discovery Responses"), filed September 6, 2019; and Defendant's Motion for Ninety-Day Extension of Discovery Deadline and Subsequent Pretrial and Trial Deadlines (Doc. No. 30; "Motion for Extension"), filed September 6, 2019. As discussed below, Plaintiff has not responded to any of the Motions despite being given multiple opportunities to do so. As such, the Court treats the Motions as unopposed in their entirety.

Under Rule 26, Federal Rules of Civil Procedure ("Rule(s)"):

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. 26(b)(1). "[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii).

In the Motion to Compel Deposition, Defendant seeks an order compelling Plaintiff to attend his deposition and awarding $5,633.77 in attorney's fees and costs incurred in preparing for, traveling to, and attending the deposition that Plaintiff failed to appear for. Motion to Compel Deposition at 1, 4. In the Motion to Compel Discovery Responses, Defendant seeks an order compelling Plaintiff to provide (within five days of such an order) complete responses to Defendant's First Set of Interrogatories and Requests for Production of Documents and awarding attorney's fees and costs incurred as a result of Plaintiff's failure to properly respond to the discovery requests.[1] Motion to Compel Discovery Responses at 1, 14. Defendant also requests that it be permitted to depose Plaintiff thirty days after receipt of the complete discovery responses. Id. at 1. Lastly, in the Motion for Extension, Defendant seeks a ninety-day extension of the discovery, dispositive motions, mediation, pretrial, and trial deadlines. Motion for Extension at 1, 4. Due to the amount of time that has elapsed since the filing of the Motion for Extension, the proposed deadlines have all passed.

In all three Motions, Defendant represents that its counsel "made a good faith attempt to confer with Plaintiff pro se, who refuses to communicate with defense counsel and has completely failed to respond to any communications." Motion to Compel Deposition at 5; Motion to Compel Discovery Responses at 15; Motion for Extension at 4.

---

[1] Defendant requests that if the Court grants the Motion to Compel Discovery Requests, that it be granted leave to file a supplement regarding the amount of fees and costs. Motion to Compel Discovery Responses at 14.

Plaintiff failed to respond to the Motions. Accordingly, the Court directed Plaintiff to confer with counsel for Defendant and either file a Notice advising the Court that he does not oppose the Motion(s) or file a response to the Motion(s). Specifically, Plaintiff was directed to respond to the Motion to Compel Discovery Responses and the Motion for Extension no later than October 18, 2019, see Order (Doc. No. 31), entered September 25, 2019, and he was directed to respond to the Motion to Compel Deposition no later than October 25, 2019, see Order (Doc. No. 33), entered October 7, 2019.

Plaintiff failed to comply. Accordingly, the Court entered Orders to Show Cause as to all three Motions. As to the Motion to Compel Discovery Responses and the Motion for Extension, Plaintiff was directed to file a written show cause response and responses to the Motions no later than November 1, 2019. See Order to Show Cause (Doc. No. 34), entered October 24, 2019. As to the Motion to Compel Deposition, Plaintiff was directed to file a written show cause response and a response to the Motion no later than November 5, 2019. See Order to Show Cause (Doc. No. 37), entered October 29, 2019.

Plaintiff again failed to comply.[2] Consequently, the Court entered an Order (Doc. No. 39) on November 14, 2019 setting a show cause hearing for December 10, 2019 before the undersigned. Plaintiff was advised that at the hearing, he would be called upon to show cause for his failure to comply with the Court's Orders. See November 14, 2019 Order at 2.

---

[2] On October 25, 2019, Plaintiff filed a document titled Santonio Floyd Jr., Plaintiff, Motion Requesting Appointment of Counsel & Response to Defendant's Motion for Expenses and to Compel Deposition of Plaintiff Pro Se and Memorandum of Law in Support (Doc. No. 35). The document, however, does not contain a response to the Motion to Compel Deposition.

The hearing was held accordingly. See Clerk's Minutes (Doc. No. 42). The record of the hearing is incorporated herein. With leave of Court, Defendant's counsel appeared telephonically. See Defendant, Brand-Safway, LLC's Unopposed Motion to Attend Hearing Scheduled for December 10, 2019 Via Telephone (Doc. No. 40), filed December 5, 2019; Order (Doc. No. 41), entered December 5, 2019. Plaintiff did not appear at the scheduled time, so the Court waited about thirty minutes to start the hearing. During this time, the undersigned's courtroom deputy looked and called for Plaintiff in the hallway outside the undersigned's courtroom and in other courtroom areas, but Plaintiff was not there. The hearing started at 2:37 p.m. and lasted until 2:51 p.m. See Clerk's Minutes. Plaintiff never arrived. See id.

Plaintiff continues to disregard the Court's Orders and has not responded to any of the Motions. He has received notice of all the Motions and Orders in this matter.[3] Plaintiff was repeatedly warned that failure to respond to the Motions would result in the Motions being deemed unopposed in their entirety. See Order (Doc. No. 31) at 2; Order (Doc. No. 33) at 1; Order to Show Cause (Doc. No. 34) at 2; Order to Show Cause (Doc. No. 37) at 2. Plaintiff was also warned that failure to appear at the hearing would result in the Motions being deemed unopposed. See Order (Doc. No. 39) at 3. Plaintiff did not notify the Court or Defendant's counsel that he would be unable to attend the hearing. Plaintiff has not filed anything explaining his failure to appear.

---

[3] In the Motions, Defendant's counsel represents that she sent each Motion to Plaintiff via email, Federal Express, and First Class U.S. Mail (both regular and certified). See Motion to Compel Deposition at 5; Motion to Compel Discovery Responses at 15; Motion for Extension at 5. At the hearing, Defendant's counsel stated that one motion was returned as undeliverable. Upon learning this, however, counsel sent Plaintiff an email, and he confirmed he received the motion. None of the Court's Orders have been returned as undeliverable.

Based on the foregoing and upon due consideration, it is

**ORDERED**:

1. The Motion of Defendant Brand-Safway, LLC for Expenses and to Compel Deposition of Plaintiff Pro Se and Memorandum in Support (Doc. No. 27), filed September 5, 2019, is **GRANTED**.

   A. Plaintiff shall cooperate with Defendant's counsel in pre-arranging his deposition and shall attend his forthcoming deposition.

   B. Plaintiff shall pay Defendant's counsel **$5,633.77** in attorney's fees and costs incurred by counsel in preparing for, traveling to, and attending Plaintiff's deposition, for which he did not appear.

2. Defendant Brand-Safway, LLC's Motion to Compel Complete Discovery Responses and Incorporated Memorandum of Law (Doc. No. 29; "Motion to Compel Discovery Responses"), filed September 6, 2019, is **GRANTED in part**, **TAKEN UNDER ADVISEMENT in part**, and **DENIED without prejudice in part** as follows:

   A. The Motion to Compel Discovery Responses is **GRANTED** to the extent that no later than **December 16, 2019**, Plaintiff shall respond to Defendant's First Set of Interrogatories and Requests for Production of Documents.

   B. The Motion to Compel Discovery Responses is **TAKEN UNDER ADVISEMENT** to the extent it seeks attorney's fees and costs. No later than **December 27, 2019**, Defendant shall file a supplemental memorandum establishing the amount of fees and costs requested and the basis for that amount.

C. The Motion to Compel Discovery Responses is **DENIED without prejudice** to the extent it requests that Defendant be permitted to depose Plaintiff thirty days after receipt of the complete discovery responses.[4]

3. Defendant's Motion for Ninety-Day Extension of Discovery Deadline and Subsequent Pretrial and Trial Deadlines (Doc. No. 30) is **TAKEN UNDER ADVISEMENT**. No later than **December 18, 2019**, Defendant shall file a supplemental memorandum setting out new proposed case management deadlines.

**DONE AND ORDERED** in Jacksonville, Florida on December 11, 2019.

*James R. Klindt*
**JAMES R. KLINDT**
United States Magistrate Judge

bhc
Copies to:
Counsel of Record
Pro Se Party

---

[4] As noted below, the Court has under active advisement Defendant's Motion for Ninety-Day Extension of Discovery Deadline and Subsequent Pretrial and Trial Deadlines (Doc. No. 30). Should that motion be granted and should Defendant need an additional extension of the discovery deadline to depose Plaintiff, it shall file a motion requesting such relief.